UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GREG SERBON, *et al.*, | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:18-CV-427-JVB-JEM |
| | ) |
| CITY OF EAST CHICAGO, INDIANA, *et al.*, | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court *sua sponte*.

Plaintiffs initiated this case by filing a complaint in Lake County Superior Court on May 9, 2018, alleging an action under Indiana Code 5-2-18.2-5 to compel Defendants to comply with Indiana's sanctuary city preemption law. Plaintiffs also bring federal constitutional challenges under the Supremacy, Equal Protection, and Due Process Clauses of the United States Constitution. Plaintiffs allege statutory standing to bring the action to compel and further allege standing to bring the constitutional challenges under Indiana's public standing doctrine. Plaintiffs do not allege Article III standing.

The State of Indiana filed a motion to intervene "for the purpose of defending the constitutionality of Indiana Code chapter 5-2-18.2 ('Ind. Chapter 18.2') and pursuing all other relief available under Ind. Chapter 18.2." (Notice Removal App'x 1, 431, ECF No. 1-2). The State clarified that it "neither takes a position nor advances any argument on Plaintiffs' claims that the East Chicago ordinance independently violates the U.S. Constitution. Rather, the State seeks to intervene for the sole purpose of addressing the Ordinance as it relates to Ind. Chapter 18.2." *Id.* at 434 n.2. The motion to intervene was granted in Lake County Superior Court on October 30, 2018.

In the Notice of Removal, filed on November 9, 2018, Defendants argue that, though Plaintiffs do not have standing to bring their claims in federal court, the State as an intervenor has Article III standing to bring Plaintiff's claims, and, therefore, the case became removable upon the granting of the State's motion to intervene.

A state court civil action "of which the district courts of the United States have original jurisdiction[ ] may be removed by . . . the defendants[ ] to the district court of the United States." 28 U.S.C. § 1441(a). Because federal courts are courts of limited jurisdiction, the removal statute is to be narrowly construed, with all doubts resolved against permitting removal. *Ctr. for Wildlife Ethics, Inc. v. Clark*, 325 F. Supp. 3d 911, 914 (N.D. Ind. 2018).

Because Defendants removed this matter from state court to federal court, they bear the burden of showing that federal jurisdiction exists over this litigation. *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824-25 (7th Cir. 2013). Thus, Defendants must "establish that all elements of jurisdiction—including Article III standing—existed at the time of removal." *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018) (citations omitted).

Defendants assert that the State entering this case as an intervenor made this litigation removable. However, "intervention by a party with a federal cause of action generally cannot serve as a basis for removal." *Hill ex rel. Pleasant Green Enters. Inc. v. Maton*, 944 F. Supp. 695, 697 (N.D. Ill. 1996);[1] *accord McKinney Econ. Dev. Corp. v. McKinney Shores Props. Inc.*, No. 4:09cv284, 2010 WL 3855553, at *2 (E.D. Tex. Aug. 27, 2010) ("As a general rule, claims introduced into an action by counterclaims, cross-claim, third-party claim, intervention or garnishment do not afford a basis for removal." (citing *Brixley v. Union Oil Co.*, 275 F. Supp. 290

---

[1] The *Hill* court found an exception to this rule to be present because the intervenor filed its own complaint "raising issues completely unrelated" to the claims in the plaintiff's complaint. *Hill*, 944 F. Supp. at 698. The court decided that treating the plaintiff's complaint and the intervenor's complaint as two independent cases was appropriate. *Id.* Here, the State has filed no pleading, and the State's basis for intervention is not unrelated to Plaintiff's claims.

2

(W.D. Ark. 1967))); *U.S. Cavalry Store, Inc. v. Acton*, No. 05-422-C, 2005 WL 8175150, at *2 (W.D. Ky. Sept. 14, 2005) ("[R]emoval jurisdiction does not exist over claims raised in a counterclaim or intervening complaint."); *California v. Glendale Fed. Sav. & Loan Ass'n.*, 475 F. Supp. 728, 733 (C.D. Cal. 1979) ("The rules of intervention and joinder of parties are not designed to permit removal of otherwise non-removable actions.").

Here, the State of Indiana has filed no pleading of its own. The State refers to itself as an "intervenor," and the order granting the State leave to intervene did not designate it as a plaintiff. The position that the State of Indiana's intervention can bestow Article III standing on this litigation such that the case became removable requires further support.

## CONCLUSION

Based on the foregoing, the Court hereby **ORDERS** that any plaintiff, defendant, or intervenor wishing to file a supplemental statement on the issue of standing may do so **on or before April 30, 2020**. The Court does not anticipate the filing of response briefs.

SO ORDERED on April 14, 2020.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
